### JOHNSON WADE v. HENRY W. GIBSON.

(Filed 21 November, 1923.)

**Appeal and Error—Prejudice—New Trials—Evidence—Judgment by Default Set Aside—Affidavit as to Merits.**

> Where upon cross-examination the defendant admits that a judgment by default had been taken against him, but afterwards set aside, that it was the fault of his attorney and not of his own, whereupon the plaintiff's attorney insinuates that the defendant was laying the blame upon his former attorney, a good man since deceased, it is prejudicial error to the plaintiff for the trial judge to admit the affidavit of the deceased attorney upon which the judgment by default had been set aside, giving his opinion of the merits of the defense, the matter being both irrelevant and not in the form required for the competency of evidence.

APPEAL by plaintiff from *Harding, J.,* at March Term, 1923, of SCOTLAND.

Civil action. The action is to recover a small strip of land alleged to be in the wrongful possession of defendant. There was denial of plaintiff's ownership, and on issues submitted there was a verdict for defendant. Judgment on the verdict, and plaintiff excepted and appealed, assigning errors.

*Cox & Dunn for plaintiff.*
*W. H. Weatherspoon and E. H. Gibson for defendant.*

HOKE, J. On the hearing, plaintiff introduced a line of deeds covering the land in controversy, and offered evidence tending to show ownership, and that defendant was in possession of a small part of said land, asserting title to same. Defendant, showing deeds for a lot adjoining

plaintiff's, claimed and sought to establish title to the *locus in quo* by adverse possession, and offered evidence in support of his claim. Evidence in rebuttal by plaintiff. The defendant, a witness in his own behalf, testified to facts tending to show adverse occupation, and on cross-examination said that a judgment by default had been taken against him in the cause and afterwards set aside. That he had employed Mr. G. B. Patterson, now dead, to look after his case, and that Mr. Patterson had told plaintiff he would do so. Thereupon plaintiff's counsel, in the form of a question, said to witness: "And so you are now blaming Mr. Patterson, a good man now dead, for letting judgment be taken against you?" To this the witness made no response. Thereupon defendant was allowed to introduce, over plaintiff's objection, an affidavit of Mr. Patterson explaining why he had failed to attend to defendant's cause in proper time, and containing averment further that, after examination of defendant's deeds and testimony of his possession, affiant is of opinion that defendant has a record title to said lands and has been in the peaceable and quiet possession of same for more than seven years prior to commencement of this action, and has a good and meritorious defense to same.

In our opinion the admission of this affidavit over plaintiff's objection was clearly reversible error. It was not competent on the issue, and if it had been, was not in the form required for its proper reception as evidence. True, his Honor, in admitting the affidavit, said that it would not be considered in the question of title or possession, but only to repel the charge or insinuation that defendant blamed Mr. Patterson, but the affidavit was irrelevant and incompetent for any purpose. And presenting as it did, in defendant's favor, the opinion of his own attorney on the merits of the issue, its admission was inevitably and highly prejudicial and should not have been received in evidence.

For the error indicated there must be a new trial of the issue, and it is so ordered.

New trial.